Matthew J. Erausquin (State Bar No. 255217)
matt@clalegal.com
Counsel for the Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
3615-H Chain Bridge Road
Fairfax, VA 22030
Telephone: (703) 273-7770
Facsimile:  (888) 892-3512



FILED
CLERK, U.S. DISTRICT COURT

JUN 15 2009

CENTRAL DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

**ANGELA MINOR**
*on behalf of herself and all individuals similarly situated,*

Plaintiff,

v.

**REAL PAGE, INC.,**

Defendant.

Case No. _

**CV09-04421 RSWL (CTx)**

**CLASS ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

**DEMAND FOR JURY TRIAL**

1.   Plaintiff Angela Minor, on behalf of herself and all others similarly situated, brings this consolidated Complaint, by and through her attorneys, for declaratory relief and damages arising out of the systematic issuance of erroneous consumer reports by Defendant Real Page, Inc. ("Real Page") and its policies and procedures which mandate how it will respond to requests by consumers for a copy of their consumer disclosure, or that inaccurate information within Real Page should be removed.  Real Page has erroneously reported background information of Plaintiff and the Class, with consistent and knowing disregard for their rights and its own statutory obligations and has further frustrated their ability to learn the content of their Real Page files or to dispute the same.  Real Page has negligently and willfully failed to employ reasonable procedures to ensure

1

1   the maximum possible accuracy of its consumer reports.  Even after consumers

2   informed Real Page of the numerous and egregious inaccuracies contained within

3   their consumer reports based on its severely deficient matching algorithm, Real

4   Page has negligently and willfully failed to consistently and adequately correct the

5   erroneous information and to otherwise conduct its handling of consumer disputes

6   and requests for consumer disclosures as required by the law.  Real Page's conduct

7   in all regards violates the Federal Fair Credit Reporting Act ("FCRA").

8                           **JURISDICTION AND VENUE**

9           2.      Original jurisdiction is conferred on this Court by 28 U.S.C. §

10  1331, as a civil action arising under the laws of the United States, and by 15 U.S.C.

11  § 1681(p), as a civil action to enforce the FCRA.

12          3.      Venue is properly in this District pursuant to 28 U.S.C. §

13  1391(b) and 28 U.S.C. § 1404.

14                                 **PARTIES**

15          4.      Plaintiff Angela Minor is a natural person and is a "consumer"

16  as defined by the FCRA.

17          5.      Defendant Real Page, Inc. ("Real Page") is a foreign corporation

18  that regularly conducts business in California.  Real Page is a "consumer reporting

19  agency" as defined in 15 U.S.C. § 1681a(f) which regularly engages in the business

20  of assembling, evaluating, and disbursing information concerning consumers for

21  the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to

22  third parties.  Real Page is also a "reseller" that assembles and merges information

23  contained in the databases of other consumer reporting agencies and resells the data

24  to third parties, as defined in 15 U.S.C. § 1681a(u).

25          6.      Specifically, in both regards, Defendant Real Page sells these

26  consumer reports to third parties under contract for monetary compensation.

27                                  **FACTS**

28

2

1        7.     Plaintiff Angela Minor applied to rent an apartment in April of

2 2008.

3        8.     On or about April 19, 2008, Real Page prepared a consumer

4 report regarding Plaintiff Minor and sold it to the apartment complex.

5        9.     In preparing this consumer report from its own database, Real

6 Page obtained Plaintiff's consumer report from third party Experian Information

7 Solutions, Inc., hereafter ("Experian"). Experian is headquartered in Costa Mesa,

8 California and is one of the three largest credit reporting agencies in the country.

9 Using that data, including Plaintiff's current and former names listed therein, Real

10 Page then obtained other consumer and public record information regarding the

11 Plaintiff and a number of other un-related individuals who shared her name or other

12 personal identifiers and then merged that data with information obtained from a

13 number of unknown other data providers. Real Page then provided the resultant

14 background report to the apartment complex.

15        10.     In doing so, Real Page obtained additional identifying

16 information regarding the Plaintiff from Experian, including, at a minimum,

17 Plaintiff's name, social security number, date of birth, current address, and

18 numerous previous addresses. Real Page then negligently and recklessly used a

19 subset of that identifying information (hereafter, "indicative information") which

20 regarded the Plaintiff as input criteria to search and compile the criminal portion of

21 Plaintiff's background check report. Real Page's use of the Experian report in this

22 manner was in direct violation of Real Page's subscriber agreement with Experian.

23        11.     Upon information and belief, Real Page only matched criminal

24 records using a subset of the information that it obtained from Experian, in

25 accordance with its intentionally and willfully adopted "loose match" policies and

26 procedures for generating consumer reports which regard the alleged criminal

27 histories of consumers.

28

CLASS ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

1         12.    The policies and procedures adopted by Real Page were

2   intentionally designed to loosely match consumers to criminal convictions on file

3   and thus, these procedures failed to accurately identify consumers who were the

4   subjects of the criminal background check.  Upon information and belief, and the

5   documents provided to the Plaintiff by Real Page to date, Real Page's matching

6   criteria employs an algorithm that presumes that as long as Plaintiff's first name,

7   last name, and date of birth match the underlying public record information, it

8   should return criminal records from any court in the country which regarded any

9   individual that shared these attributes with the Plaintiff.

10         13.    As a result of these and other deficient and intentionally

11   implemented data gathering and matching policies and procedures, the consumer

12   report supplied by Real Page to the apartment complex regarding the Plaintiff

13   contained numerous inaccuracies regarding criminal convictions, alias information,

14   and personal identifying information including, but not limited to, the false and

15   outrageous assertions that Plaintiff had been convicted of multiple counts of

16   prostitution and assault.

17         14.    Plaintiff Minor has never been convicted of assault or

18   prostitution.

19         15.    Plaintiff is a married woman and an Army veteran of high

20   moral character who has served her country honorably.

21         16.    After obtaining and using the Plaintiff's consumer report

22   supplied by Defendant Real Page, the apartment complex denied her rental

23   application on the basis of the report and informed Plaintiff specifically that the

24   apartment did not rent dwelling units to "people like you".

25         17.    Plaintiff thereafter contacted Real Page and requested a copy of

26   the contents of her Real Page file pursuant to 15 U.S.C. § 1681g.

27         18.    Following receipt of her request, Real Page refused to send

28   Plaintiff a copy of her consumer disclosure, but instead, sent Plaintiff a letter which

4

1  stated that in order to process Plaintiff's request for a copy of her consumer report,

2  Plaintiff was required to provide Real Page with all of the following information:

3  (1) a copy of her driver's license; (2) the last four digits of her social security

4  number; (3) her date of birth; (4) a written statement (again) requesting a copy of

5  her consumer report; and (5) the name of the property to which she had applied.

6  Real Page further required that the Plaintiff provide these items to it within 30 days.

7  19.    A true and accurate copy of this letter is attached hereto as

8  "Exhibit A".

9  20.    Thereafter, despite that no such substantive documentation or

10 timing requirements exist within the Fair Credit Reporting Act, Plaintiff provided

11 the items of information described in paragraph 18 and thereafter received a copy of

12 a document that Real Page contended was a description of the information that was

13 provided to the apartment complex.

14 21.    Real Page did not provide Plaintiff with a copy of the Experian

15 credit report that it supplied to the apartment complex, in accordance with its

16 intentionally and willfully adopted policies and procedures, and instead unlawfully

17 instructed the Plaintiff that she was required to ask Experian for a copy of the

18 report.

19 22.    Experian does not maintain copies of reports that it furnishes to

20 subscribers or resellers and is never able to provide the same to a consumer.

21 23.    Plaintiff thereafter disputed in writing to Real Page each of the

22 inaccuracies and errors contained in the report.

23 24.    By virtue of Real Page's failure to provide Plaintiff with a copy

24 of the information supplied by Experian to Real Page, Plaintiff was not able to

25 review the content of the information contained in the Experian report, or if

26 necessary, to lodge a dispute with Real Page regarding the Experian information.

27

28

1         25.    Thereafter, in accordance with its standard policies and

2 procedures, Defendant Real Page refused to conduct any reinvestigation of

3 Plaintiff's disputes.

4         26.    Defendant Real Page thereafter responded to Plaintiff with a

5 vague form letter that informed the Plaintiff that it would not investigate her

6 disputes.

7         27.    The Real Page letter further asserted that Real Page criminal

8 reports are derived from a public record search and, outrageously, that its policies

9 for compiling criminal background reports were such that a criminal record would

10 be returned if Plaintiff's first name, last name, and date of birth matched those

11 found on any public record of criminal conviction.  Real Page instructed Plaintiff to

12 take the issue up with the entity that had purchased the Real Page report (or would

13 purchase a report in the future), effectively requiring Plaintiff to affirmatively prove

14 a negative -- that she had not committed assault and was not a prostitute.

15         28.    A true and accurate copy of this letter sent in response to

16 Plaintiff's dispute is attached hereto as "Exhibit B".

17         29.    Plaintiff Minor contacted Real Page directly following the

18 receipt of this form letter to protest its refusal to investigate her dispute and its

19 refusal to make corrections in her file, in her effort to ensure that reports published

20 by Real Page regarding her in the future would not state that she was a prostitute or

21 that she had been convicted of assault.

22         30.    In response to Plaintiff's second effort at disputing the

23 information contained in her Real Page file, a Real Page representative informed

24 Plaintiff that the information "is what it is", and that since her first name, last name,

25 and date of birth matched those of the offender(s), Real Page would not consider

26 changing the information in her report.

27 **<u>FIRST CAUSE OF ACTION</u>**

28 **<u>Willful Failure To Employ Reasonable Procedures To Ensure Maximum</u>**

## **Accuracy Of Credit Reports In Violation Of 15 U.S.C. § 1681e(b)**

### **(Plaintiff Angela Minor Individually)**

31.   The allegations set forth in paragraphs 1-30 above are re-alleged and incorporated by reference as if fully set forth herein.

32.   Real Page is regularly engaged in the practice of assembling and evaluating consumer information for the purpose of preparing consumer reports, as that term is defined in 15 U.S.C. § 1681a(d), and furnishing these reports to third parties.

33.   Real Page uses means and facilities of interstate commerce for the purpose of preparing and furnishing consumer reports and is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

34.   In preparing consumer reports, Real Page has failed to use reasonable procedures to, as required by law, assure the maximum possible accuracy of information contained in Plaintiff's consumer report, in violation of 15 U.S.C. § 1681e(b).

35.   As a result of Real Page's failure to maintain such reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b), Real Page has erroneously reported numerous inaccurate and defamatory criminal offenses, alias information, and personal identifying information within Plaintiff Minor's consumer report.

36.   Real Page's failure to comply with the requirements of 15 U.S.C. § 1681e(b) is willful within the meaning of 15 U.S.C. § 1681n(a).

37.   As a result of Real Page's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b), Plaintiff is entitled to statutory and punitive damages under 15 U.S.C. § 1681n(a)(1) and (a)(2).

38.   As a further result of Real Page's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b), Plaintiff has suffered actual damages,

both pecuniary and non-pecuniary, and she seeks to recover the same from the Defendant.

## SECOND CAUSE OF ACTION

### Negligent Failure To Employ Reasonable Procedures To Ensure Maximum Accuracy Of Credit Reports In Violation Of 15 U.S.C. § 1681e(b)

### (Plaintiff Angela Minor Individually)

39.     The allegations set forth in paragraphs 1-38 above are re-alleged and incorporated by reference as if fully set forth herein.

40.     In preparing consumer reports relating to Plaintiff, Real Page has failed to follow reasonable procedures to assure maximum accuracy of information it prepares and publishes in consumer reports in violation of 15 U.S.C. § 1681e(b).

41.     As a result of Real Page's failure to follow reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b), Real Page has erroneously reported numerous inaccurate and defamatory criminal offenses, alias information, and personal identifying information within Plaintiff Minor's consumer report.

42.     Real Page's failure to comply with the requirements of 15 U.S.C. § 1681e(b) is negligent within the meaning of 15 U.S.C. § 1681o(a).

43.     As a result of Real Page's negligent violation with the requirements of 15 U.S.C. § 1681e(b), Plaintiff has suffered actual damages, both pecuniary and non-pecuniary, and she seeks to recover the same from the Defendant.

## THIRD CAUSE OF ACTION

### Willful Failure To Provide Disclosures In

## Violation Of 15 U.S.C. § 1681g

### (Class Action Allegations)

44.   The allegations set forth in paragraphs 1-43 above are re-alleged and incorporated by reference as if fully set forth herein.

45.   Real Page has failed to clearly and accurately disclose to Plaintiff and to all class members all information required by 15 U.S.C. § 1681g in response to their requests, including, but not limited to: (1) all information contained in Real Page's file concerning the class members; (2) the sources of the information including the identity of the public record vendor that provided the information to Real Page; and (3) the "summary of rights" mandated by Congress at 15 U.S.C. § 1681g(c)(2).

46.   Plaintiff seeks to maintain this claim as a class action representing a class consisting of the following members:

> All individuals who to whom Real Page provided a letter substantially similar to the letter attached hereto as "Exhibit A" within the two-year period preceding the filing date of the Complaint. (hereafter, "the 1681g class").

47.   Ascertainability/Numerosity: The 1681g class is ascertainable in that it is comprised of individuals who can be identified by reference to purely objective criteria. There are thousands of members of the class, and therefore, it would be impracticable to bring all or even a substantial percentage of such claims before the Court as individual claims.

48.   Typicality: The claims of the named Plaintiff are typical of the claims of each member of the class she seeks to represent, because each received the same letter imposing impermissible administrative hurdles to their acquisition of their consumer disclosures, and in that her claims are all based on the same legal theory as those of the rest of the class members.

9

1    49.    <u>Adequacy of Representation</u>:  Plaintiff is an adequate

2    representative of the class she seeks to represent because: (a) she is willing and able

3    to represent the proposed class and has every incentive to pursue this action to a

4    successful conclusion; (b) her interests are not in any way antagonistic to those of

5    the other class members; and (c) she is represented by counsel experienced in

6    litigating major class actions and claims under the FCRA and other consumer

7    protection statutes.

8    50.    <u>Commonality</u>:  There are questions of law and fact common to

9    all members of the Class.  The overarching questions of law and fact that are

10    common to all members of the class are whether Real Page was legally permitted to

11    require (1) a driver's license, (2) the last 4 digits of a social security number, (3) a

12    date of birth, (4) a written request for the disclosure, <u>and</u> (5) the name of the

13    property applied to as a precondition for providing consumers with a copy of their

14    consumer disclosure.

15    51.    <u>Propriety Of Class Certification Under Fed. R. Civ. P. 23(b)(2).</u>

16    Class certification of all of Plaintiff's claims is appropriate under Fed. R. Civ. P.

17    23(b)(2), because Real Page has acted and/or refused to act on grounds generally

18    applicable to the class, thereby making declaratory relief appropriate.

19    52.    <u>Propriety Of Class Certification Under Fed. R. Civ. P. 23(b)(3).</u>

20    Class certification of Plaintiff's claims for willful failure to provide consumers with

21    a copy of their consumer disclosures upon request is also appropriate under Fed. R.

22    Civ. P. 23(b)(3).  The common questions of law and fact relating to Plaintiff's

23    willful violation claims predominate over questions affecting only individual

24    members.  Moreover, the class action vehicle is superior to other available methods

25    for the fair and efficient adjudication of these claims.  For the vast majority of

26    members of the class, the amount of any potential recovery is too small to justify

27    the cost of prosecuting their claims individually.  Further, requiring each class

28    member to pursue his or her claim individually would entail needless duplication of

1    effort would waste the resources of both the parties and the Court and risk

2    inconsistent adjudications.

3            53.    Real Page's failure to comply with the requirements of 15

4    U.S.C. § 1681g is willful within the meaning of 15 U.S.C. § 1681n(a).

5            54.    As a result of Real Page's willful noncompliance with the

6    requirements of 15 U.S.C. § 1681g, Plaintiff Minor and 1681g class members are

7    entitled to statutory and punitive damages under 15 U.S.C. § 1681n(a)(1) and

8    (a)(2).

9                           **FOURTH CAUSE OF ACTION**

10   **Willful Failure To Provide Prompt Notice of Dispute to the Furnisher of**

11         **Information In Violation Of 15 U.S.C. § 1681i(a)(2)**

12                    **(Class Action Allegations)**

13            55.    The allegations set forth in paragraphs 1-54 above are re-alleged

14    and incorporated by reference as if fully set forth herein.

15           56.    Following receipt of disputes from consumers, Real Page has

16    failed to provide notice of those disputes to the furnishers of the information,

17    including all relevant information provided by the consumers.

18           57.    As a result of Real Page's failure to provide notices of disputes

19    and all relevant information regarding the dispute to the furnishers of the

20    information before the expiration of the 5-business-day period beginning on the

21    date on which it received disputes from any consumer, Real Page violated 15

22    U.S.C. § 1681i(a)(2) as to Plaintiff Minor and as to all consumers who disputed

23    information in their Real Page files.

24           58.    Plaintiff seeks to maintain this claim as a class action

25    representing a class consisting of the following members:

26           All individuals who disputed information contained in their Real Page

27           file to the Defendant within the two-year period preceding the filing

28           date of the Complaint regarding which Real Page thereafter failed to

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

provide notice of the dispute to at least one furnisher of the information contained therein within 5 business days. (hereafter, "the 1681i(a) class").

59.   Ascertainability/Numerosity: The 1681i(a) class is ascertainable in that it is comprised of individuals who can be identified by reference to purely objective criteria. There are thousands of members of the class, and therefore, it would be impracticable to bring all or even a substantial percentage of such claims before the Court as individual claims.

60.   Typicality: The claims of the named Plaintiff are typical of the claims of each member of the class she seeks to represent, because Plaintiff disputed information contained in her Real Page file, and Real Page thereafter failed to provide notice of Plaintiff's dispute to at least one furnisher of the information contained therein, just as Plaintiff alleges that Real Page did with respect to the putative class members.

61.   Adequacy of Representation: Plaintiff is an adequate representative of the class she seeks to represent, because: (a) she is willing and able to represent the proposed class and has every incentive to pursue this action to a successful conclusion; (b) her interests are not in any way antagonistic to those of the other class members; and (c) she is represented by counsel experienced in litigating major class actions and claims under the FCRA and other consumer protection statutes.

62.   Commonality: There are questions of law and fact common to all members of the Class. The overarching questions of law and fact that are common to all members of the class are whether Real Page violated the Fair Credit Reporting Act by failing to provide notice of the putative class members' disputes to the furnisher(s) of information within 5 business days of receipt of their disputes.

63.   Propriety Of Class Certification Under Fed. R. Civ. P. 23(b)(2). Class certification of all of Plaintiff's claims is appropriate under Fed. R. Civ. P.

12

1   23(b)(2), because Real Page has acted and/or refused to act on grounds generally
2   applicable to the class, thereby making declaratory and final injunctive relief
3   appropriate.

4        64.   <u>Propriety Of Class Certification Under Fed. R. Civ. P. 23(b)(3).</u>
5   Class certification of Plaintiff's claims for willful failure to handle consumers'
6   disputes properly is also appropriate under Fed. R. Civ. P. 23(b)(3).  The common
7   questions of law and fact relating to Plaintiff's willful violation claims predominate
8   over questions affecting only individual members.  Moreover, the class action
9   vehicle is superior to other available methods for the fair and efficient adjudication
10  of these claims.  For the vast majority of members of the class, the amount of any
11  potential recovery is too small to justify the cost of prosecuting their claims
12  individually.  Further, requiring each class member to pursue his or her claim
13  individually would entail needless duplication of effort would waste the resources
14  of both the parties and the Court and risk inconsistent adjudications.

15       65.   Real Page's failure to comply with the requirements of 15
16  U.S.C. § 1681i(a)(2) is willful within the meaning of 15 U.S.C. § 1681n(a).

17       66.   As a result of Real Page's willful noncompliance with the
18  requirements of 15 U.S.C. § 1681i(a)(2), Plaintiff Minor and class members are
19  entitled to statutory and punitive damages under 15 U.S.C. § 1681n(a)(1) and
20  (a)(2).

21       **FIFTH CAUSE OF ACTION**
22  **Willful Failure To Provide Prompt Notice of Dispute to each Consumer**
23  **Reporting Agency In Violation Of 15 U.S.C. § 1681i(f)**
24  **(Class Action Allegations)**

25       67.   The allegations set forth in paragraphs 1-66 above are re-alleged
26  and incorporated by reference as if fully set forth herein.

27       68.   Following receipt of disputes from consumers, and in its
28  capacity as a reseller, Real Page has failed to provide notice of those disputes to the

1   consumer reporting agencies that provided Real Page with the erroneous

2   information, including all relevant information provided by the consumers.

3   69.   As a result, Real Page violated 15 U.S.C. § 1681i(f) as to

4   Plaintiff Minor and as to all class members who disputed information in their Real

5   Page files to the extent such information was provided to Real Page by another

6   consumer reporting agency.

7   70.   Plaintiff seeks to maintain this claim as a class action

8   representing a class consisting of the following members:

9   All individuals who disputed information contained in their Real Page

10   file to the Defendant within the two-year period preceding the filing

11   date of the Complaint regarding which Real Page thereafter failed to

12   provide notice of the disputes to the consumer reporting agencies that

13   provided the information in dispute. (hereafter, "the 1681i(f) class").

14   71.   Ascertainability/Numerosity: The 1681i(f) class is ascertainable

15   in that it is comprised of individuals who can be identified by reference to purely

16   objective criteria. There are thousands of members of the class, and therefore, it

17   would be impracticable to bring all or even a substantial percentage of such claims

18   before the Court as individual claims.

19   72.   Typicality: The claims of the named Plaintiff are typical of the

20   claims of each member of the class she seeks to represent, because Plaintiff

21   disputed information contained in her Real Page file, and Real Page thereafter

22   failed to provide notice of Plaintiff's dispute to at least one consumer reporting

23   agency who provided the information contained therein, just as Plaintiff alleges that

24   Real Page did with respect to the putative class members.

25   73.   Adequacy of Representation: Plaintiff is an adequate

26   representative of the class she seeks to represent, because: (a) she is willing and

27   able to represent the proposed class and has every incentive to pursue this action to

28   a successful conclusion; (b) her interests are not in any way antagonistic to those of

14

1  the other class members; and (c) she is represented by counsel experienced in

2  litigating major class actions and claims under the FCRA and other consumer

3  protection statutes.

4         74.  Commonality: There are questions of law and fact common to

5  all members of the Class. The overarching questions of law and fact that are

6  common to all members of the class are whether Real Page violated the Fair Credit

7  Reporting Act in its capacity as a reseller, by failing to provide notice of the

8  putative class members' disputes to the various consumer reporting agencies that

9  provided the information to Real Page.

10         75.  Propriety Of Class Certification Under Fed. R. Civ. P. 23(b)(2).

11  Class certification of all of Plaintiff's claims is appropriate under Fed. R. Civ. P.

12  23(b)(2), because Real Page has acted and/or refused to act on grounds generally

13  applicable to the class, thereby making declaratory relief appropriate.

14         76.  Propriety Of Class Certification Under Fed. R. Civ. P. 23(b)(3).

15  Class certification of Plaintiff's claims for willful failure to handle consumers'

16  disputes properly is also appropriate under Fed. R. Civ. P. 23(b)(3). The common

17  questions of law and fact relating to Plaintiff's willful violation claims predominate

18  over questions affecting only individual members. Moreover, the class action

19  vehicle is superior to other available methods for the fair and efficient adjudication

20  of these claims. For the vast majority of members of the class, the amount of any

21  potential recovery is too small to justify the cost of prosecuting their claims

22  individually. Further, requiring each class member to pursue his or her claim

23  individually would entail needless duplication of effort would waste the resources

24  of both the parties and the Court and risk inconsistent adjudications.

25         77.  Real Page's failure to comply with the requirements of 15

26  U.S.C. § 1681i(f) is willful within the meaning of 15 U.S.C. § 1681n(a).

27         78.  As a result of Real Page's willful noncompliance with the

28  requirements of 15 U.S.C. § 1681i(f), Plaintiff Minor and class members are

1   entitled to statutory and punitive damages under 15 U.S.C. § 1681n(a)(1) and

2   (a)(2).

3   **WHEREFORE**, Plaintiffs respectfully pray:

4   1.   That the practices and procedures of Real Page complained of

5   herein be determined, declared, and adjudged to be in violation of the rights of

6   Plaintiff and class members under the FCRA;

7   2.   That this Court enter an Order certifying all of the claims of the

8   three putative classes alleged herein pursuant to Fed. R. Civ. P. 23(b)(2) or, in the

9   alternative, certifying the claims of the three putative classes for willful violations

10   of the FCRA under Fed. R. Civ. P. 23(b)(3);

11   3.   That, in accordance with 15 U.S.C. § 1681n(a), judgment be

12   entered in favor of Plaintiff and the class members, individually and class-wide on

13   the respective claims, and against Real Page for statutory and/or punitive damages

14   in amounts to be determined at trial;

15   4.   That, in accordance with 15 U.S.C. § 1681n(a)(3) and

16   1681o(a)(2), Plaintiff and the class members be awarded the costs of this action

17   together with reasonable attorney's fees as the Court may determine;

18   5.   That Plaintiff and class members be awarded such other and

19   further legal and equitable relief as may be found appropriate and as the Court may

20   deem equitable and just.

21   ## DEMAND FOR JURY TRIAL

22   Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury

23   on all issues so triable, on behalf of herself and the members of the putative classes.

24

25

26

27

28

1   Dated:  June 11, 2009          Respectfully submitted,

2

3                                  By: _Matth J Erau_____

4                                  Matthew J. Erausquin (State Bar No. 255217)
                                   matt@clalegal.com
5                                  Counsel for the Plaintiff
                                   CONSUMER LITIGATION ASSOCIATES, P.C.
6                                  3615-H Chain Bridge Road
7                                  Fairfax, VA 22030
                                   Telephone: (703) 273-7770
8                                  Facsimile:  (888) 892-3512

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

 **R E A L P A G E**

4000 International Parkway
Carrollton, Texas 75007-1913
Phone 800-456-4008
Fax 972-820-3808
www.realpage.com

4000 International Parkway
Carrollton, TX 75007-1913

April 22, 2008

Angela Minor

▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬

Re: 1-26FS93

Dear Angela Minor,

In regards to your recent issue regarding Case number 1-26FS93; you requested to have a copy of the consumer report provided to our customer. To proceed with this case, we request the following information be sent to RealPage within thirty (30) days from the date of this letter.

1. Copy of State issued identification (e.g., Drivers License).
2. Last Four digits of your Social Security Number
3. Date of Birth
4. A statement requesting a copy of your Consumer Report.
5. Name of the Property you applied to.

The information requested by RealPage will be used solely for the purpose of verifying your identity. The information received by RealPage will not be sold to a 3rd party and will not be given to anyone that does not need it for the purpose of sending you a copy of the report.

Please return the items requested within 30 days so we may expedite your request.

Thank you for your prompt response.

Sincerely,

*Benjamin Stolfi*

Benjamin Stolfi
Screening Disputes Specialist
Leasing Desk Operations
972-820-3000

EXHIBIT
A
Blumberg No. 5119

Requesting Copy of Consumer Report

**: . REALPAGE**

4000 International Parkway
Carrollton, Texas 75007-1913
Phone 800-456-4008
Fax 972-820-3508
www.realpage.com

May 23, 2008

Angela Minor

▬▬▬▬▬▬▬
▬▬▬▬▬▬▬
▬▬▬▬▬▬▬

Re:    1-27T9J4



Dear Angela Minor,

In response to your inquiry received May 22, 2008, RealPage, Inc. ("RealPage") has completed the reinvestigation of the criminal record dispute. Our reinvestigation reflects the following.

Criminal report was derived from a public record search based on a match on exact last name from credit report and first name and date of birth. Additional records matched on names from the credit report with an offender's alias name and date of birth. With common names, false positive matches are more likely to occur. We provide this information to the properties to aid in their decision making. The property makes its decision based on many factors and has the responsibility to discuss their decision with the applicant.

Please report the findings of our reinvestigation as a possible false positive record to the Estates Woodland community. The apartment community makes a decision based upon many factors. Estates Woodland should review the findings of the reinvestigation as part of the decision process with the applicant. We encourage you to contact the community to discuss its decision.

Furthermore, RealPage works diligently to address and resolve all disputes that may have been a result of a consumer report provided to our customers due to factors outside the direct control of RealPage or its customers.

Please be aware that you have the right to add a statement to your report if you do not agree with the results of the investigation.

In the event I may be of further assistance, please feel free to contact our office at (800) 456-4008.

Sincerely,

The Consumer Disputes Team
Screening Disputes Specialist
Leasing Desk Operations



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Carolyn Turchin.

The case number on all documents filed with the Court should read as follows:

## CV09- 4421 RSWL (CTx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| **312 N. Spring St., Rm. G-8** | **411 West Fourth St., Rm. 1-053** | **3470 Twelfth St., Rm. 134** |
| **Los Angeles, CA 90012** | **Santa Ana, CA 92701-4516** | **Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

Matthew J. Erausquin (State Bar No. 255217)
matt@clalegal.com
Counsel for the Plantiff
Comsumer Litigation Associates, P.C.
3615-H Chain Bridge Road
Fairfax, VA  22030  Tel: (703) 273-7770

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Angela Minor on behalf of herself and all individuals similarly situated | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV 09-04421 RSWL (CTx) |
| Real Page, Inc. | |
| DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S):  Real Page, Inc.

A lawsuit has been filed against you.

Within   20   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney,  Matthew J. Erausquin                , whose address is  3615-H Chain Bridge Road Fairfax, VA  22030                         . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   JUN 19 2009   _____

By: _____
              Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Angela Minor

**DEFENDANTS**
Real Page, Inc.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Matthew J. Erausquin (State Bar No. 255217)
Consumer Litigation Associates, P.C., 3615-H Chain Bridge Road
Fairfax, VA 22030 Tel: (703) 273-7770

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violations of 15 U.S.C. Section 1681 et seq. (the "FCRA" or Federal Fair Credit Reporting Act)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

---

**FOR OFFICE USE ONLY:**   Case Number:  **CV09-04421**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                     ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                     ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                     ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | McDonough, GA |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Carrollton, TX |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Counts 1,2 - Orange County, CA | Counts 3-5 - Carrollton, TX |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  _Matthew A. Clay_          Date June 19, 2009

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)). |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |