## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| ANGELA MINOR, on Behalf of Herself and Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:09-CV-439 |
| REALPAGE, INC. | § § | |
| Defendant. | § | |

## AGREED PROTECTIVE ORDER AND ORDER OF CONFIDENTIALITY

Plaintiff Angela Minor, on behalf of Herself and Others Similarly Situated, and Defendant RealPage, Inc., ("Defendant") (collectively the "Parties") hereby jointly request that a Protective Order and Order of Confidentiality (the "Protective Order") be entered concerning Classified Documents and Classified Information which are being produced by the Parties during the discovery process. The Court finds that good cause exists to support the entry of such an order. The Court is of the opinion that such Protective Order should be entered.

IT IS THEREFORE ORDERED that:

Discovery is under way and the parties are seeking, and may in the future seek during discovery and/or settlement discussions, documents or information that may be considered confidential by the disclosing party. Such information includes, but is not limited to: (i) information regarding applicants, customers or consumers; (ii) personnel information regarding Defendant's current or former employees; (iii) documents containing information confidential or proprietary to Defendant; (iv) information belonging to or regarding Defendant's customers or consumers; and (v) any other categories of documents or things

designated by either of the Parties or the Court as "Confidential" or "Attorneys' Eyes Only." Classified Documents shall include those produced by either Party and later designated as confidential by a Party.

THEREFORE, IT IS ORDERED that the following principles and procedures designed to assure the protection of proprietary or confidential documents and information shall govern any and all discovery in this action:

1.      If either party in good faith believes that information and/or documents sought during the course of discovery is confidential and/or proprietary, it will conspicuously mark such information and/or documents as "CONFIDENTIAL" (hereafter referred to as the "Confidential Information and/or Documents"). Moreover, a Party may choose to mark a document as "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" for Confidential Information and/or Documents that the Party believes in good faith are extremely sensitive and whose disclosure to another Party or non-Party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.      Documents and Information marked  or otherwise designated as "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only" shall not be disclosed or made available by the receiving Party to persons other than the receiving Party's attorneys, or, if necessary, employee(s) of the receiving Party's attorney to whom disclosure is necessary to maintain the HIGHLY CONFIDENTIAL – Attorneys' Eyes Only Information in compliance with this Order (e.g., an administrative assistant or paralegal), unless the party seeking further disclosure obtains agreement from the other Party or an order directing disclosure from the Court.

3.      If counsel desires to share documents or information designated as HIGHLY CONFIDENTIAL – Attorney's Eyes Only by a Party opponent with a Party representative as defined in Paragraph 10(a) or 10(b), they may seek such disclosure through the procedures set forth in Paragraph 4.

4..    A party shall not be obligated to challenge the propriety of a designation as Confidential Information at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as HIGHLY CONFIDENTIAL - Attorneys Eyes Only or as Confidential Information, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies.  If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as HIGHLY CONFIDENTIAL - Attorneys Eyes Only or as Confidential Information.  The designating party shall be required to move the Court for an order preserving the designated status of such information within fifteen (15) business days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.  If such application is made , the information in dispute shall remain protected from any disclosure that is not permitted hereunder for material designated "HIGHLY CONFIDENTIAL – Attorney's Eyes Only" or Confidential Information as the case may be, until a conclusive determination is made by this Court, or upon any review of same, as to whether the information designated "HIGHLY CONFIDENTIAL – Attorney's Eyes Only" or Confidential Information shall be maintained.  Any party hereto may also independently seek relief from, or modification of, this Protective Order, and may challenge the designation of any document, thing or testimony as "Confidential" or "HIGHLY CONFIDENTIAL – Attorney's Eyes Only," through expedited hearing.

5.    Inadvertent failure to designate Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the Producing Party by written notification promptly upon discovery of the failure to designate.

6.      The Parties agree that they shall not in any manner, directly or indirectly, use, repurpose, transfer or communicate, orally or in writing, any part or all of the Confidential Information and/or Documents provided to them by the other Party to any person other than for the litigation of this case.

7.      Confidential Information and/or Documents shall not be disclosed or made available by the receiving party to persons other than Qualified Persons.  "Qualified Persons," as used herein means:

(a)      If the Plaintiff is the receiving party, representatives of Plaintiff who have been actively engaged in the conduct of this litigation, and any attorney or employee of the law firm representing Plaintiff;

(b)      If the Defendant is the receiving Party, Defendant's representatives who have been actively engaged in the conduct of this litigation, and any attorney or employee of the law firm representing Defendant;

(c)      Actual or potential independent technical experts or consultants;

(d)      Third parties engaged in the business of copying (e.g., Kinko's), solely for the purpose of copying;

(e)      Jurors in this action;

(f)      The Court and its personnel;

(g)      Court reporters or typists recording or transcribing testimony in this action;

(h)      Persons whose testimony is taken in this litigation and who agree to be bound by the terms of this Protective Order; and

(i)      Other persons who may be specifically designated by written consent of the parties or by order of the Court.

If any Confidential Information and/or Documents are to be disclosed to any Qualified Persons, including experts under subparagraph (c), such person must first be provided a copy of this Protective

Order and must agree in writing to be bound by its terms prior to gaining access to any Confidential

Information by executing a copy of the attached Exhibit A.  The outside counsel for the Party who has

disclosed Confidential Information and/or Documents to any third party will maintain all such written

acknowledgements.  This written acknowledgement requirement does not apply to disclosures made

pursuant to subparagraphs (b), (d), (e), (f) or (g).  This Paragraph 8 does not apply to Confidential

Information and/or Documents that is marked as "HIGHLY CONFIDENTIAL – Attorney's Eyes Only."

8.      In the case of depositions, if counsel for either of the Parties believes that a question or

answer of its client, or former or current officers, directors or employees of such client, a third party

witness and/or an expert constitutes Confidential Information subject to this Protective Order, counsel shall

so state on the record, or shall so designate within thirty (30) days of receipt of the transcript, and in such

case the reporter shall be instructed to include on the cover page of each sealed portion the legend: "This

transcript portion contains information subject to a Protective Order and shall be used only in accordance

therewith."

9.      Any documents or things, interrogatory answers, deposition transcripts, exhibits, or other

information designated as Confidential Information and/or Documents (i.e., marked as CONFIDENTIAL

or "HIGHLY CONFIDENTIAL – Attorneys' Eyes Only") by any party that are filed with the Court shall

be filed in sealed envelopes or other appropriate container bearing (1) the title of this action, (2) an

indication of the nature of the contents of the sealed envelope or container, (3) the word "confidential" and

(4) a statement of the effect that:

> This envelope contains CONFIDENTIAL documents filed in this
> case by [Party] and is not to be opened nor its contents displayed or
> revealed, except by the Court.

A Party who files Confidential Information and/or Documents under seal must file a redacted copy of the filing for the public file.  The Parties shall comply with any additional requirements set forth by the Court or rules with respect to filing sealed documents.

10.     Except as otherwise provided in Paragraphs 7, 8, 9, and 10 of this Order, the Confidential Information and/or Documents of the disclosing party, and any copies, abstracts, or summaries thereof, shall be retained in the exclusive custody of the other party's attorneys at all times during the pendency of this litigation.

11.     Upon completion of this litigation, the Party seeking disclosure shall return all Confidential Information and/or Documents, and any copies, abstracts, or summaries thereof, to the disclosing Party's attorneys of record, or confirm that it/they has/have been destroyed.  This paragraph shall not apply to any documents falling within the work product privilege that are maintained in the exclusive custody of the attorneys of the party seeking disclosure.  If any item (including but not limited to abstracts or summaries) is held back from destruction as attorney work product, the party retaining the work product shall not directly or indirectly use, repurpose, disclose, transfer or communicate, orally or in writing, that work product to any third party.

12.     This Order shall not affect or impair the right of any person or party to raise or assert any defense, privilege or objection to the production or use of any information involved in the litigation.

13.     This Order shall not preclude any party from enforcing its rights against another party or any third party believed to be violating the rights of such party.

14.     As officers of this Court, all counsel involved in the litigation shall use their best efforts to resolve issues relating to the terms of this Order without Court intervention.

15.     As officers of this Court, all counsel involved in the litigation shall use their best efforts to ensure that their respective Parties and representatives fully comply with the terms of this Order.

---

16.     This stipulation shall be binding on the parties upon execution by counsel, prior to issuance as an Order of the Court.

17.     This Order shall be applicable to all further proceedings in the litigation, and the Court retains jurisdiction to make any modifications to this Order on its own initiative or upon request of any party.

**AGREED AND APPROVED AS TO SUBSTANCE AND FORM:**

By: */s/ Mitchell A. Toups*_____
      Mitchell A. Toups
      State Bar No. 210151600
      Weller, Green, Toups & Terrell, L.L.P.
      P.O. Box 350
      Beaumont, TX  77704
      (409) 838-0101
      Fax:  (409) 832-8577
      Email:  matoups@wgttlaw.com

**ATTORNEYS FOR PLAINTIFF**
**ANGELA MINOR, ON BEHALF**
**OF HERSELF AND OTHERS**
**SIMILAR SITUATED**

**AND**

By: */s/ Mark A. Shank*_____
      Mark A. Shank
      State Bar No. 18090800
      Bridget A. Blinn
      State Bar No. 24045510
      Gruber Hurst Johansen & Hail, LLP
      Fountain Place
      1445 Ross Avenue
      Suite 2500
      Dallas, Texas 75202
      214-855-6800
      214-855-6808 (fax)
      mshank@ghjhlaw.com
      bblinn@ghjhlaw.com

**ATTORNEYS FOR DEFENDANT**
**REALPAGE, INC.**