# EXHIBIT "1"
# SETTLEMENT AGREEMENT

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ANGELA MINOR, on Behalf of Herself and Others Similarly Situated,** | §<br>§<br>§<br>§ | |
| **Plaintiff,** | §<br>§ | |
| **v.** | §<br>§ | **CIVIL ACTION NO.**<br>**3:09-CV-439** |
| **REALPAGE, INC.** | §<br>§<br>§ | |
| **Defendant.** | | |

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (collectively, the "Agreement"), is entered into by and between Plaintiff (as hereinafter defined) and the Classes of individuals that they seek to represent (as hereinafter defined), on the one hand, and Defendant (as hereinafter defined), on the other, is submitted to the Court for approval pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## I.    RECITALS

WHEREAS, the Plaintiff, Angela Minor, on behalf of Herself and all individuals similarly situated, filed her initial Complaint on June 15, 2009 ("Complaint"), in the United States District Court for the Central District of California, as a proposed class action, in which she alleged failure to comply with the Fair Credit Reporting Act ("FCRA") (the "Litigation"); and

WHEREAS, the lawsuit was transferred to the United States District Court for the Eastern District of Texas, Sherman Division; and

---

WHEREAS, subsequent thereto, the parties exchanged sufficient information to understand their respective positions, and to evaluate the claims at issue in the Litigation; and

WHEREAS, on the 18th day of May, 2010, the parties engaged in an all-day mediation session with the Honorable Lewis H. Goldfarb serving as mediator; and

WHEREAS, counsel for the parties subsequently engaged in substantial arms length settlement discussions that ultimately reached fruitful resolution; and

WHEREAS, Defendant has denied and continues to deny all of the allegations made by Plaintiff in the Litigation (as hereinafter defined) and has denied and continues to deny that it is liable or owes damages to anyone with respect to the alleged facts and causes of action asserted in the Litigation; and

WHEREAS, without admitting or conceding any liability or damages, Defendant has agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation; and

WHEREAS, Class Counsel have analyzed and evaluated the merits of the claims made against Defendant in the Litigation, and the impact of this Agreement on Plaintiff and the Settlement Class (as hereinafter defined), and based upon their analysis and evaluation of a number of factors, and recognizing the substantial risk of continued litigation, including the possibility that the Litigation, if not settled now, might result in no recovery whatsoever for the Settlement Class, or might result in a recovery less favorable to the Settlement Class, and that would not occur for several years;

NOW THEREFORE, the Parties and Class Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate, and that this Agreement is in the best interests of the class, and in consideration of a mutual covenants and promises

set forth in this Agreement, and as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions subject to the Court's approval as required by Federal Rules of Civil Procedure 23, as follows:

## II.    DEFINITIONS

For the purposes of this Settlement Agreement, including the Recitals stated above, the following terms shall have the following meanings:

A.    "Claim" means all claims, claims for relief, counterclaims, demands (including, without limitation, demands for arbitration), action, suits, causes of action, allegations of wrongdoing and liabilities.

B.    "Class Counsel" means the attorneys and law firms listed on the signature pages of this Settlement Agreement representing the Named Plaintiff and the alleged class.

C.    "Class Litigation" shall mean all claims raised or that could have been raised in the Third, Fourth and Fifth Causes of Actions of the Complaint.

D.    "Class Settlement Website" means the Internet website to be established by the Notice Administrator, as part of the Notice Plan set forth in Section VI.

E.    "Confidential Information" means any confidential, proprietary or trade secret information of Defendant that has been designated as "Confidential" pursuant to the terms of a protective order or by agreement of the Parties.

F.    "Court" means the United States District Court for the Eastern District of Texas, Sherman Division, where the Litigation is pending.

G.    "Defendant" means Defendant RealPage, Inc. and its wholly-owned subsidiaries.

H.     "Effective Date" means the date on which all appellate rights with respect to the Final Judgment have expired or have been exhausted in such a manner as to affirm the Final Judgment, and when no further appeals are possible, including review by the United States Supreme Court.

I.     "Fairness Hearing" means the hearing before the Court after the Notice Plan has been executed, for the purpose of hearing any objections to the settlement and determining whether the settlement is finally approved.

J.     "FCRA" means the federal Fair Credit Reporting Act, 15 U.S.C. § 1681a, *et seq*.

K.     "Final Judgment" means a final judgment and order of dismissal entered by the court in the Litigation granting final approval of the Settlement Agreement (including Class Counsel's request for attorneys' fees, costs and other expenses, and Named Plaintiff's request for an Incentive Award), and entering a judgment according to the terms set forth in this Settlement Agreement.

L.     "Incentive Award" means the one-time payment to Plaintiff Minor for the time and resources she has put into representing the Settlement Class, as set forth in Section VIII.

M.     "Named Plaintiff" means Angela Minor.

N.     "Notice Administrator" means Rust Consulting, Inc., subject to Court approval.

O.     "Notice Plan" means the plan for providing notice of this proposed settlement to the Settlement Class under Federal Rule of Civil Procedure 23(e)(1)(B), as set forth in Section VI.

P.     "Parties" and "Party" mean the Named Plaintiff, the Settlement Class and Defendant.

Q.     "Preliminary approval" means the Court's order preliminarily approving the proposed settlement, directing the Notice Plan and appointing the Notice Administrator.

R.     "RealPage" means Defendant RealPage, Inc.

S.     "Released Party" means Defendant and its parents, subsidiaries, affiliates, divisions, associates, agents, successors, assignors, assignees, and/or assigns and their respective subsidiaries, affiliates, divisions, associates, agents, successors, assignors, assignees and/or assigns, and each of their respective present, former or future officers, directors, shareholders, agents, control persons, advisors, employees, representatives, consultants, insurers and reinsurers, accountants, attorneys, and any representative of the above.

T.     "Settlement Agreement" means this Settlement Agreement and Release, including its exhibits.

U.     "Settlement Class" means all individuals who to whom Real Page provided a letter substantially similar to the letter attached hereto as "Exhibit A" within the two-year period preceding the filing date of the Complaint.  A member of the Settlement Class is a "Class Member."

V.     "Settlement Notices" means the form of notices to be provided to the Settlement Class by first class mail, postage prepaid, after preliminary approval of this Settlement Agreement by the Court, as further described in Section VI(A).

W.     "The Common Fund" means the fund established in settlement of the Class Litigation, as described in Section VII(A).

## III.    MOTION FOR PRELIMINARY APPROVAL

No later than seven (7) days after the execution of the Agreement, the Named Plaintiff shall file with the Court a Motion for Preliminary Approval that seeks entry of an order in the exact form of Exhibit A that would:

1.      preliminarily approve this Settlement Agreement;

2.      conditionally and for purposes of settlement only certify the Settlement Class;

3.      approve the proposed Notice Plan and the Settlement Notice in forms substantially as that attached as Exhibits B; and

4.      appoint the Notice Administrator.

Defendant will join in this motion, agreeing that this Settlement Agreement should be preliminary approved.

## IV.     DENIAL OF LIABILITY

By entering into this Agreement, Defendant in no way admits any violation of law or any liability whatsoever to Plaintiff and/or the Settlement Class, individually or collectively, all such liability being expressly denied. Likewise, by entering into this Agreement, Defendant in no way admits to the suitability of this case for class action litigation other than for purposes of settlement. Rather, Defendant enters into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Plaintiff and the Settlement Class. Settlement of the Litigation, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the settlement embodied herein: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendant, or of the truth of any of the factual allegations in any and all Complaints filed in the Litigation; (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendant in any civil, criminal,

administrative or arbitral proceeding; and (c) are not, shall not be deemed to be, and may

not be used as an admission or evidence of the appropriateness of these or similar claims

for class certification or administration or collective action treatment other than for

purposes of administering this Agreement.   The Parties understand and agree that this

Agreement and all exhibits hereto are settlement documents and shall be inadmissible in

evidence in any proceeding, except an action or proceeding to approve, interpret, or

enforce the terms of this Agreement.

## V.   CLASS DEFINITION

A.   Notice to the Settlement Class

1.   The Parties shall provide Settlement Notices of the proposed settlement to

members of the Settlement Class after Preliminary Approval of this Settlement Agreement

by the Court.

2.   Within ten (10) business days after Preliminary Approval has been entered,

Defendant will provide the Notice Administrator with a list, in electronic format, of the name,

last known address, of each Class Member.

3.   The Settlement Notice will be in substantially the form attached as Exhibit B

and will be sent by first class mail, postage prepaid, to members of the Settlement Class.

Prior to mailing, the Notice Administrator shall update the addresses of the members of the

Settlement Class provided by RealPage using the U.S. Postal Service's National Change

of Address ("NCOA") database.   The Notice Administrator shall use the address obtained

through the NCOA database if different from that in RealPage's records.   Notices returned

with forwarding address information shall be remailed by the Notice Administrator using the

forwarding address information appearing on the returned mail.   When notices are returned

upon first or subsequent mailings with no forwarding address information, then, at

RealPage's option, RealPage may check for more current addresses using its internal resources, and provide such addresses to the Notice Administrator for a final mailing, or the Notice Administrator may use an address verification resource to check for more current addresses for a final mailing.

B.    Court Appointment and Retention of Notice Administrator

At the Preliminary Approval hearing, the Parties will propose that the Court appoint Rust Consulting, Inc. as the Notice Administrator.  The Notice Administrator will facilitate the proposed settlement by providing guidance in the implementation of the Notice Plan and by assisting in the disbursement of funds. Class Counsel shall be responsible for supervision of the Notice Administrator, with notice to and in consultation with counsel for Defendants.

C.    Class Settlement Website

The Notice Administrator will create and maintain the Class Settlement Website to be activated immediately following Preliminary Approval.  The Notice Administrator will secure a reasonable and appropriate URL for the Class Settlement Website.

The Class Settlement Website will include copies of the Settlement Notices and the Court's Order granting Preliminary Approval.  The Class Settlement Website will be updated as appropriate to include additional appropriate documents and information about the Court-approval process, such as the date and location of the final approval hearing and will include a section providing answers to "Frequently Asked Questions."

The Notice Administrator will terminate the Class Settlement Website ninety (90) days after either (1) one year after the Effective Date, or (2) the date on which the proposed settlement is terminated or otherwise not approved by a court.  The Notice

Administrator will then transfer the ownership of all URLs set up by the Notice Administrator and related to this Litigation to RealPage.

D.    Costs

       In addition to the payments contemplated by Sections VII and VIII, RealPage will bear the cost of the Settlement Notices, and other fees and costs of the Notice Administrator.

E.    Class Member Opt-Out

       1.    Any Class Member may request exclusion from the Settlement Class by "opting out."  Class Members who choose to opt out must submit a timely, written and signed request for exclusion from the Settlement Class, to the Notice Administrator pursuant to the instructions in the Notice in the form attached as Exhibit C.  To be effective, such Opt-Out Statement must be mailed via First Class United States Mail and postmarked by a date certain to be specified in the Preliminary Approval Order, and set forth in the Notice, which date will be no earlier than 60 calendar days after entry of the Preliminary Approval Order ("Opt-Out Period").

       2.    The Notice Administrator shall stamp the postmark date on the original of each Opt-Out Statement ("Statement") that it receives and shall serve a copy of each Statement received on Class Counsel and Defendant's Counsel not later than 3 calendar days after receipt thereof.  The Notice Administrator also shall, within 3 business days after the end of the Opt-Out Period, file with the Clerk of Court, stamped copies of any Opt-Out Statements.  The Notice Administrator shall, within 3 business days of the end of the Opt-Out Period, send a final list of all Opt-Out Statements to Class Counsel and

Defendant's Counsel by electronic mail and overnight delivery. The Notice Administrator shall retain the stamped originals of all Opt-Out Statements and originals of all envelopes accompanying Opt-Out Statements in its files until such time as the Notice Administrator is relieved of its duties and responsibilities under this Agreement.

3.     Any distribution (excluding attorney's fees) otherwise payable in respect of any Class Member who properly opts-out under this Agreement, shall remain part of The Common Fund and distributed according to Section IIIB.

F.     <u>Objections to Settlement.</u>

(A)    Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing. To be considered, such statement must be sent to the Notice Administrator via First-Class United States mail, postage prepaid, and be received by the Notice Administrator no later than a date certain to be specified in the Preliminary Approval and set forth in the Notice of Proposed Class Action Lawsuit and Fairness Hearing, which date will be no earlier than 60 calendar days after entry of the Preliminary Approval Order (the "Objection Deadline"). The Notice Administrator shall stamp the date received on the original objection and send a copy of each objection to Class Counsel and Defendant's Counsel by electronic mail, facsimile, or overnight delivery not later than 3 calendar days after receipt thereof. The Notice Administrator shall also file the date-stamped original of each objection with the Clerk of Court within 3 business days after the end of the Objection Deadline. Any objections solely as to attorneys fees and/or costs may be filed up to the latest date seven days

after Class Counsel files a motion for approval and payment of attorneys fees and/or costs.

(B)     An objector may also appear at the Fairness Hearing either in person or through counsel hired by the objector.  An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time eh/she submits his/her written objection to the settlement.  An objector may withdraw his/her objection at any time.  No Class Member may appear at the Fairness Hearing unless he or she has filed a timely objection which complies with the procedures provided in Section 2.6(A).  A Class Member who has opted-out may not also submit an objection to the settlement.

(C)     An objector may also file a motion to intervene pursuant to the Federal Rules of Civil Procedure.  Only those objectors who are allowed to intervene as parties to the Litigation will have standing to appeal the orders of the Court related to approval of the Settlement.

(D)     The Parties may file with the Court written responses to any filed objections and motions to intervene, not later than 14 calendar days before the date of the Fairness Hearing.

G.     <u>Motion for Judgment and Final Approval.</u>

Not later than 20 calendar days before the date of the Fairness Hearing, Named Plaintiff and Defendant will submit a Joint Motion for Judgment and Final Approval.

## VI.    RELIEF

A.     <u>The Class Litigation</u>

In settlement of the Class Litigation, RealPage will pay the total sum of FOUR HUNDRED THOUSAND DOLLARS ($400,000 U.S.) to The Common Fund established

with an entity to be agreed upon by the Parties.   This obligation shall bear interest. RealPage will make payment to The Common Fund within thirty (30) business days after the Effective Date.   The Common Fund, less any amount of attorneys' fees and costs and Incentive Awards approved by the Court for payment to Class Counsel and the Plaintiff, shall be distributed to the Settlement Class by the Notice Administrator after the Effective Date with each member of the Settlement Class receiving an equal share of The Common Fund, including interest accruing within the account as of that date.   Class checks shall be void six (6) months after issuance.   Until a check is cashed, the funds to be paid thereby remain part of the Common Fund.   Checks shall not be mailed to Class Members for whom the Notice Administrator lacks a valid current address, as determined by the Notice Administrator as a result of the implementation of the notice procedures described in Section VI(A).   In the event that the Notice Administrator is unable, after reasonable efforts, to distribute the entirety of The Common Fund to Class Members within eight (8) months after the Effective Date, any remaining funds shall be distributed as a *cy pres* award in accordance with the provisions of Section VII(B).

B.      *Cy Pres with Respect to Settlement Funds*

In the event that the Notice Administrator is unable, after reasonable efforts, to distribute the entirety of The Common Fund or Section 1681b(b) Common Fund to the Settlement Class within eight (8) months after the Effective Date, any remaining funds shall be divided ninety percent (90%) to the United Way of Dallas, and ten percent (10%) to the Dallas Bar Association Mock Trial Program (the "Cy Pres").   Such grant of funds shall be distributed at RealPage's direction in such a way as to acknowledge RealPage as the donor of such funds, and, if available, RealPage shall be eligible to receive corporate credit for any donations made by virtue of the Cy Pres.

C.      Taxation or Settlement Disbursements

All payments to Class Members shall be treated as damages and interest, and shall be reported on an IRS Form 1099 to the extent that any payment to any individual Class Member exceeds $599, should Defendant determine not to issue one.  A separate IRS Form 1099 shall be issued for the amount attributable to attorneys' fees.

## VII.   INCENTIVE AWARD TO NAMED PLAINTIFF

In addition to any payments made to Minor as a member of the Settlement Class, Minor will seek the Court's approval for an Incentive Award of up to FIVE HUNDRED DOLLARS ($500.00 U.S.).  Defendant will not oppose an Incentive Award of up to five hundred dollars ($500.00) for Minor.  The Parties' negotiation of and agreement to the foregoing Incentive Award did not occur until after the substantive terms of the proposed settlement had been negotiated and agreed upon during the mediation.  The Incentive Award shall constitute the sole consideration for Minor being Named Plaintiff for the Settlement Class, and shall be made separately from any attorneys' fees.

The Incentive Award, subject to Court approval, shall be paid from The Common Funds within thirty (30) days of the Effective Date.

## VIII.   ATTORNEYS' FEES, COSTS AND OTHER EXPENSES

A.      Class Litigation

In advance of the Court's deadline for submission of objections, Class Counsel shall make an application to the Court for an award from The Common Fund of attorneys' fees, costs and other expenses with respect to the Class Litigation in an amount of ONE HUNDRED TWENTY THOUSAND DOLLARS ($120,000 U.S.).  Class Counsel may also petition the Court separately for recovery of costs incurred for the mediation process. Defendant will not oppose or object to this application.  Nothing in this provision will require

Defendant to pay funds with respect to the Class Litigation over and above the $400,000 used to establish The Common Fund.

## IX.   RELEASES

A.   Class Litigation

Upon the Effective Date, Named Plaintiff and each member of the Settlement Class who has not opted out of the proposed settlement, and each of their respective spouses, executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, joint tenants, tenants in common, tenants in the entirety, co-borrowers, agents, successors, assignees and assigns, and all those who claim through them or who assert Claims on their behalf (including the government in its capacity as *parens patriae*) completely and forever releases and discharges the Released Party from any Claim, claim for relief, right, demand, charge, complaint, action, cause of action, obligation, or liability for actual or statutory damages, punitive damages, restitution, attorney's fees, costs, expenses, or other monetary or nonmonetary relief of any and every kind, arising from violations of 15 U.S.C. §§ 1681g, 1681i(a) and 1681i(f), as alleged in the Amended Class Complaints or that might have been alleged in the Litigation, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, liquidated or unliquidated, under the law of any jurisdiction. It is not the intent of this agreement that any class member release hereby any claims under 15 U.S.C. §§ 1681e(b) or 1681i(a) based upon an alleged inaccuracy in information furnished by RealPage to a third party or based upon an allegation that RealPage did fail to conduct a reasonable investigation of a consumer's dispute. The Parties hereby acknowledge that all Released Parties are expressly intended beneficiaries of this Release, regardless of whether they were named Defendant and regardless of whether they paid any part of the payments set forth herein.

Also upon the Effective Date, Named Plaintiff and each member of the Settlement Class who has not opted out of the proposed settlement also hereby expressly waive and release, upon the Settlement Agreement becoming final, any and all provisions, rights and benefits conferred by § 1542 of the California Civil Code, which reads:

§ 1542.  Certain claims not affected by general release.

A general release does not extend to claims which the credit does not know or suspect to exist in his favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code.

Also upon the Effective Date, Named Plaintiff and each member of the Settlement Class who has not opted out of the proposed settlement shall be permanently enjoined and barred from filing, commencing, prosecuting, intervening (as Class Members or otherwise) or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding arising from violations of 15 U.S.C. §§ 1681g, 1681i(a) and 1681i(f), as alleged in the Complaint or that might have been alleged in the Litigation, subject to the release limitations contained herein.

B.     Release of Fees and Costs for Settlement Matters.

Class Counsel and Plaintiff, on behalf of the Settlement Class, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendant for attorneys' fees or costs associated with Class Counsel's representation of Plaintiff and the Class in this Litigation.   Class Counsel further understand and agree that any fee payments approved by the Court will be the full, final

and complete payment of all attorneys' fees and costs associated with Class Counsel's representation of these persons in this Litigation with regard to the class claims.

C.     <u>No Assignment.</u>

Class Counsel and Plaintiff, on behalf of the Settlement Class, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

## X.     ENTRY OF FINAL JUDGMENT

The Parties shall jointly seek entry by the Court of a Final Judgment that includes provisions:

1.     granting final approval of this Settlement Agreement, and directing its implementation pursuant to its terms and provisions;

2.     ruling on Class Counsel's application for attorneys' fees, costs, and other expenses;

3.     discharging and releasing the Released Party from the Released Claims as provided in Section X;

4.     directing that the Litigation be dismissed with prejudice; and

5.     reserving to the Court continuing and exclusive jurisdiction over the Parties with respect to the Settlement Agreement and the Final Judgment.

## XI.     TERMINATION

The Parties agree that this Settlement Agreement may be terminated, at either of Class Counsel's or Defendant's sole discretion, if any of the following conditions subsequently occurs:

1.      the Parties fail to obtain and maintain Preliminary Approval of the proposed settlement;

2.      any court requires a notice program in addition to or substantially different from that set forth in Section VI and attached Exhibit B;

3.      any court orders Defendant to pay attorneys' fees with respect to the Litigation, in any amount greater than that provided herein;

4.      any court orders either Defendant to pay, with respect to the Litigation, any amount greater than the contribution to The Common Fund pursuant to Sections VII, other than as provided herein; or

5.      Five percent (5%) or more of the members of any of the Settlement Class opt out of the proposed settlement.

The failure of the Court or any appellate court to approve in full the request by Class Counsel for attorneys' fees, costs and other expenses shall not be grounds for Named Plaintiff, the Settlement Class, or Class Counsel to terminate this Settlement Agreement. The failure of the court or any appellate court to approve in full the request of any Named Plaintiff for his Incentive Award shall not be grounds for Named Plaintiff, the Settlement Class, or Class Counsel to terminate this Settlement Agreement.

If this Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason before the Effective Date, then this Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party, shall not be

admissible as evidence in a trial on the merits in the Litigation and shall not be deemed or construe to be an admission or confession by any Party of any fact, matter or proposition of law, and all Parties to the Litigation shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made or filled with the Court. In the event that this Settlement Agreement is terminated before the Effective Date, all funds paid by RealPage to the Common Funds will be returned to RealPage.

## XII.   MISCELLANEOUS PROVISIONS

A.   <u>Cooperation Between the Parties; Further Acts.</u>

The Parties shall cooperate fully with each other and the Notice Administrator and shall use their reasonable good faith efforts to obtain the Court's approval of this Agreement and all of its terms. Each of the Parties, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

B.   <u>Notices</u>

Except for the Settlement Notices, all notices or formal communications under this Settlement Agreement shall be in writing and shall be given (i) by hand delivery; (ii) by registered or certified mail, return receipt requested, postage prepaid; or (iii) by Federal Express or similar overnight courier to counsel for the Party to whom notice is directed at the following addresses:

For Named Plaintiff and the Settlement Class:

For Angela Minor:

Leonard A. Bennett
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606

For RealPage:

Margot Lebenberg, Esq.
Executive Vice President & Chief Legal Officer
RealPage, Inc.
4000 International Parkway
Carrollton, Texas 75007

C.    Administrative Costs

Except as otherwise provided herein, the Named Plaintiff and Defendant shall be solely responsible for his, her, or its own costs and expenses.

D.    Taxes

Named Plaintiff, the Settlement Class and Class Counsel shall be responsible for paying any and all federal, state and local taxes due on any payments made to them pursuant to the Settlement Agreement and recognize that RealPage may issue IRS Form 1099's or other appropriate reporting documentation as if required by law.

E.    Complete Agreement

This Settlement Agreement is the entire, complete agreement of each and every term agreed to by the Named Plaintiff and the Settlement Class on the one hand and Defendant and its counsel on the other hand.  In entering into this Settlement Agreement, the Named Plaintiff and the Settlement Class have not relied on any warranty or representation not specifically set forth herein.   This Settlement Agreement may be amended or modified only by a written instrument signed by Class Counsel and counsel for the Defendant.

F.    ADR Procedure For Any Follow-on Claims

1.    As additional consideration for the benefit and cash payments negotiated between RealPage and each class member, each class member who does not opt out of

the settlement shall be bound as follows in prosecution of any additional claims accruing prior to December 3, 2010 and to be otherwise brought under the FCRA, including, but not limited to, 15 U.S.C. §§ 1681e(b) or 1681i(a) or comparable state statute ("Additional Claim").

2.      Before any Class Member may prosecute an Additional Claim, the class member or his attorney or other authorized representative shall first contact RealPage at the address provided at XII(B) of this agreement to commence mediation.  A Class Member who intends to file any legal action for money damages, including any federal or state lawsuit or administrative process, must first send to RealPage, by certified mail, a written Notice of Claim ("Notice").  The Notice must (a) describe the nature and basis of the claim or dispute; and (b) set forth the specific relief sought ("Demand").  The Class Member and RealPage must thereafter attempt mediation of the Demand informally or through JAMS, www.jamsadr.com, at the discretion of RealPage.  The mediation shall be at the expense of RealPage and either by videoconference or telephone (at RealPage's option) or at a location within 75 miles of the Class Member's residence or at another agreed location.

3.      The mediation process shall stay any claim(s) or legal proceeding associated with the Demand and shall also operate to toll any statute of limitations period for the period beginning when the Notice is postmarked and ending on the later of the date that the Class Member receives from RealPage a written notice otherwise or 60 days from the date of the Notice postmark unless otherwise agreed.  If RealPage and the Class Member do not reach an agreement to resolve the Additional Claim within 45 days after the Notice is received, the Class Member may commence legal action.

4.     Class Counsel has agreed that they will not affirmatively solicit Class Member clients for the prosecution of Additional Claims.  Notwithstanding that commitment, the parties expressly state that neither RealPage nor its attorneys have insisted upon, demanded or requested that Class Counsel restrict their representation of Class Members or any other consumers.  Class counsel's rights to represent any Class Member or other consumer are not effected by this agreement.

G.     Return of Confidential Information and Other Discovery

Class Counsel, on behalf of themselves and their expert witnesses and consultants, as well as others retained by them, acknowledge that during the course of the Litigation, they have received Confidential Information.  No later than 30 days after the Effective Date, Class Counsel will return to Defendant all Confidential Information and will certify under oath that they and their expert witnesses and consultants do not retain any copies, summaries, compilations or indices of such information.  Within the same time period, Class Counsel will identify for Defendant the expert witnesses, outside consultants, and any other individuals or entities to whom Confidential Information was given, and will advise those persons of this requirement and will ensure their compliance with it.

This provision is not intended to cover work product of Class Counsel but is intended to cover Confidential Information that might be attached to any work product.

Class Counsel also will not use any of the Confidential Information learned or obtained in the Litigation for any purpose after the Effective Date.

H.     Headings for Convenience Only

The headings in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

J.      Severability

In the event that any provision hereof becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable or void, this Settlement Agreement shall continue in full force and effect without such provisions.

K.      No Party Is the Drafter

None of the Parties to this Settlement Agreement shall be considered to be the primary drafter of this Settlement Agreement or any provision hereof for the purpose of any rule of interpretation or construction that might cause any provision to be construed against the drafter.

L.      Binding Effect

This Settlement Agreement shall be binding according to its terms upon, and inure to the benefit of, Named Plaintiff, the Settlement Class, Defendant, and Released Parties.

M.      Authorization to Enter Settlement Agreement

The individuals signing this Settlement Agreement on behalf of Defendant represents that they are fully authorized to enter into, and to execute, this Settlement Agreement on behalf of Defendant.  Class Counsel represent that they are fully authorized to conduct settlement negotiations on behalf of Named Plaintiff, and to enter into, and to execute, this Settlement Agreement on behalf of the Settlement Class, subject to Court approval pursuant to Federal Rule of Civil Procedure 23(e).  Each Named Plaintiff enters into and executes this Settlement Agreement on behalf of himself or herself, and as a representative of and on behalf of the Settlement Class, subject to Court approval pursuant to Federal Rule of Civil Procedure 23(e).

N.      Representation by Counsel

Each of the Parties has had an opportunity receive, and has received, independent legal advice from his, her or its attorneys regarding the advisability of this proposed settlement, and to answer any questions about the settlement, and the legal consequences of this Settlement Agreement, and fully understands and accepts the terms of this Settlement Agreement.

O.      Execution in Counterparts

Named Plaintiff, Class Counsel and Defendant may execute this Settlement Agreement in counterparts, and the execution of counterparts shall have the same effect as if all Parties had signed the same instrument.  Facsimile signatures shall be considered as valid signatures as of the date signed, although the original signature pages shall thereafter be appended to the Settlement Agreement.  This Settlement Agreement shall not be deemed executed until signed by all Named Plaintiff. Class Counsel, and authorized representatives of Defendant.

P.      Costs

Except as otherwise provided herein, all Parties shall bear their own costs, expenses and attorneys' fees relating to this Settlement and the Litigation.

R.      Governing Law and Venue Selection.

This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Texas, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such Federal law shall govern.  Dallas County shall be the venue for any disputes arising under this Agreement.

T.      Facsimile Signatures and Counsel Execution

Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile to counsel for the other party.   Any signature made and transmitted by facsimile for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile.

U.     Signature by Class Counsel.

Class Counsel represent, by their signatures below, that they have been authorized by Named Plaintiff to sign this Agreement on Named Plaintiff's behalf.

V.     Authority of Corporate Signatories.

Defendant represents and warrants that it is a corporation organized, existing and in good standing under the laws of the State of Delaware, and that person executing this Settlement Agreement on its behalf is authorized to bind Defendant.

**Named Plaintiff**:

BY COUNSEL:

Angela Minor:

_____
Mitchell A. Toups
WELLER, GREEN, TOUPS & TERRELL, L.L.P.
Post Office Box 350
Beaumont, Texas 77704

Matthew J. Erausquin
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road
Suite 600
Alexandria, VA 22314

Leonard A. Bennett
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard

Suite 100
Newport News VA 23606

Class Counsel and counsel for _____

RealPage, Inc.:


_____
MARK A. SHANK
State Bar No. 18090800
BRIDGET A. BLINN
State Bar No. 24045510
1445 Ross Avenue, Suite 2500
Dallas, Texas 75202
Telephone No. (214) 855-6800
Facsimile No. (214) 855-6808

Counsel for RealPage, Inc.