IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ANGELA MINOR, ON BEHALF OF HERSELF AND INDIVIDUALS SIMILARLY SITUATED<br>    Plaintiff | § § § § § | |
| VS. | § § | NO. 4:09-CV-00439<br>HONORABLE RICHARD A. SCHELL |
| REALPAGE, INC.<br>    Defendants | § § § | |

## ORDER OF PRELIMINARY APPROVAL

The parties to the above-captioned action have entered into a Settlement Agreement (submitted to the Court on January 6, 2011) to settle the above-captioned putative class actions in their entirety, and Named Plaintiffs have filed a Motion for Preliminary Approval of Class Action Settlement and a supporting memorandum, which RealPage supports. All capitalized terms used in this Order have the meaning as defined in the Settlement Agreement, which is incorporated herein by reference.

The Court has read and considered the Settlement Agreement and all the Exhibits thereto, including the proposed Class Notices. The Court finds that there is a sufficient basis for granting preliminary approval of the Settlement Agreement and authorizing the steps necessary to determine whether the Settlement Agreement should be finally approved and the Litigation dismissed (including the dissemination of Class Notice).

IT IS HEREBY ORDERED that:

1.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this settlement only, a Settlement Class consisting of:

> All individuals to whom RealPage provided a letter substantially similar to the letter attached hereto as Exhibit "2" within a two year period preceding the filing date of the Complaint.

> Specifically excluded from the Settlement Class are: (a) all federal court judges who have presided over this case and their spouses and anyone within three degrees of consanguinity from those judges and their spouses; (b) all persons who elect to exclude themselves from the Settlement Class; (c) all persons who have previously executed and delivered to RealPage releases of all their claims; and (d) Defendant's employees, officers, directors, agents, and Representative and their family members.

2.      The Court hereby appoints Plaintiff Angela Minor to serve as class representative, and Mitchell Toups of Weller, Green, Toups & Terrell, L.L.P., Bank of America Tower, 2615 Calder Street, Suite 400, Beaumont, TX 77702 and Leonard A. Bennett and Mathew Erausquin of Consumer Litigation Associates, P.C., 12515 Warwick Boulevard, Suite 100, Newport News, VA 23606 to serve as Class Counsel.

3.      The preliminary certification of these actions as a class action is for settlement purposes only and such certification shall be terminated and without further force or effect and without prejudice to any party in connection with any future proceedings in these actions, including any future motion with respect to class certification, if: (a) the Court does not give final approval to the Settlement Agreement and enter the Final Order and Judgment substantially in the form appended to the Settlement Agreement, or (b) this Court's approval of the Settlement Agreement and/or entry of the Final Order and Judgment are reversed on appeal.

4. The terms of the Settlement Agreement are sufficiently fair, reasonable, and adequate to allow dissemination of the Class Notice to the members of the Settlement Class. This determination permitting notice to the Settlement Class is not a final finding that the Settlement Agreement is fair, reasonable and adequate, but simply a determination that there is probable cause to disseminate Class Notice to the Settlement Class Members and hold a hearing on final approval of the proposed settlement.

5. The Parties are authorized and directed to establish an administrative mechanism for receiving requests from Settlement Class Members to exclude themselves from the Settlement Class.

6. In conjunction with moving for final approval, Class Counsel may apply to the Court for an award of attorneys' fees and expense reimbursement covering all legal services provided to the Named Plaintiff and Settlement Class Members in connection with the litigation and settlement of the Litigation (the "Fee and Expense Application"). The Fee and Expense Application shall seek a maximum of $120,000 in attorneys' fees and verified expenses.

7. Also in conjunction with moving for final approval, Class Counsel also may submit an application for a $500 incentive award, to be allocated by the Court to the Named Plaintiff identified in the Original Complaint to be paid from the Common Fund.

8. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1715(d), a hearing (the "Fairness Hearing") shall be held on **June 2, 2011 at 10:00 a.m.** before the undersigned at 7940 Preston Road, Suite 111, Plano, Texas 75024, for the purpose of finally determining whether the proposed Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court via entry of the Final Judgment and Order attached to the Settlement Agreement and, if so, what amount of reasonable attorneys' fees and reasonable

reimbursement of costs and expenses should be awarded to Class Counsel, and whether the Incentive Awards shall be awarded.

9. Approval is hereby given to the form of the Class Notice, attached to the Motion for Preliminary Approval as Exhibit "4", to Settlement Class Members. The Court finds that the Class Notice reasonably inform the Class Members of the material terms of the Settlement and their rights and responsibilities in connection with the Settlement, and once distributed pursuant to the Plan of Distribution detailed below, constitutes valid, due, and sufficient notice to Settlement Class Members in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution. The costs of providing Class Notice to the Settlement Class Members shall be borne by RealPage.

10. On or before **March 28, 2011**, the Parties shall cause to be delivered by United States Postal Service first-class mailing, postage prepaid, copies of the Class Notice containing the language in Exhibit "4" to the Settlement Agreement to be mailed to the current address of each class member for whom RealPage can reasonably obtain an address. The Court finds that such individual notice is the best notice practicable under the facts and circumstances of this case.

11. If they have not done so already, RealPage shall provide to the Attorney General of the United States and the attorneys general of the states and territories in which Settlement Class Members reside the information specified in 28 U.S.C. § 1715 by the deadline established in that statute.

12. The Parties **and/or the Notice Administrator** shall provide a declaration attesting to their compliance with their notice obligations not less than seven (7) days prior to the Fairness Hearing. The declaration shall include: (a) the total number of Settlement Class

Members, (b) a sample copy of the as-mailed Class Notice, (c) the process by which RealPage obtained a mailing list for the Class Notice, (d) the number of Class Notices mailed and the range of dates within which such Notices were mailed, and (e) the number of Class Notices returned.

13.     Each potential Settlement Class Member who wishes to be excluded from the Settlement Class must submit a Request for Exclusion to Real Page, Inc. Settlement Unit, c/o Rust Consulting, P.O. Box 2369, Faribault, MN 55021-9069.  Such Requests for Exclusion must be received at that address on or before **May 9, 2011**.  To be effective, the Request for Exclusion must: (a) include the Settlement Class Member's full name, address, and telephone number, and (b) specifically and unambiguously state his, her or its desire to be excluded from the Settlement Class in Cause No. 1:06 CV 776; *Angela Minor vs. Real Page, Inc*.  Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion to the required address, or communicates his, her or its intentions regarding membership in the Settlement Class in an ambiguous manner, shall be subject to and bound by all proceedings, orders, and judgments of this Court pertaining to the Settlement Class pursuant to the Settlement Agreement unless determined otherwise by the Court.  Any communications from Settlement Class Members (whether styled as an exclusion request, an objection, or a comment) as to which it is not readily apparent whether the Settlement Class Member meant to request an exclusion from the Class will be evaluated jointly by counsel for the Parties, who will make a good-faith evaluation if possible.  Any uncertainties about whether a Settlement Class Member requested to exclude himself/herself from the Settlement Class will be resolved by the Court.

14. The Notice Administrator shall tabulate Requests for Exclusion from prospective Settlement Class Members and shall report the names and addresses of such persons to the Court and to Class Counsel and Defendant's Counsel no less than seven (7) days before the Fairness Hearing.

15. Any member of the Settlement Class who intends to object to the fairness of the Settlement Agreement (including Class Counsel's Fee and Expense Application) must, by **May 9, 2011**, file any such objection with the Court, and provide copies of the objection to: RealPage Settlement, c/o Rust Consulting, P.O. Box 2369, Faribault, MN 55021-9069; Mitchell A. Toups of Weller, Green, Toups & Terrell, L.L.P., Bank of American Tower, 2615 Calder Street, Suite 400, Beaumont, TX 77702; and Mark Shank, of Gruber, Hurst, Johansen, Hail, 1445 Ross Avenue, Suite 2500, Dallas, Texas 75202.  Any objection to the Settlement Agreement must include: (a) the objector's full name, address, and telephone number, (b) a written statement of all grounds for the objection accompanied by any legal support for such objection, (c) copies of any papers, briefs, or other documents upon which the objection is based, (d) a list of all persons who will be called to testify in support of the objection, (e) a statement whether the objector intends to appear at the Fairness Hearing, (f) a list of cases in which the objector or his counsel have appeared as class action settlement objectors in the past five (5) years, and (g) the signature of the objector, including those represented by counsel.  If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing.  Any member of the Settlement Class who does not properly file a timely written objection to the settlement and notice of his, her or its intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

16. The parties to this Litigation and to the Settlement Agreement shall file any memoranda or other materials in support of final approval of the Settlement Agreement, including in response to any timely and properly filed objection to the Settlement Agreement, no later than seven (7) days prior to the Fairness Hearing. Such materials shall be served on Class Counsel, counsel for RealPage, and on any member of the Settlement Class (or their counsel, if represented by counsel) to whose objection to the Settlement Agreement the memoranda or other materials respond.

17. Following the Fairness Hearing, and based upon the entire record in this matter, the Court will decide whether the Settlement Agreement should be finally approved and, if so, what amount of reasonable fees and expenses should be awarded to Class Counsel, and whether an Incentive Award of $500 total, to be allocated to the Named Plaintiff identified in the Original Complaint, will be awarded. If the Court determines the Settlement is reasonable, fair, and adequate, the Court will issue a Final Order and Judgment memorializing its decision. The Court will also issue an Order awarding reasonable fees and expenses to Class Counsel.

18. Pending final determination of the joint application for approval of this Settlement Agreement, all proceedings in this Litigation other than settlement approval proceedings shall be stayed.

Plaintiff's Unopposed Motion for Preliminary Approval [de #39] is GRANTED.

**SIGNED this the 8th day of March, 2011.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE