# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| ANGELA MINOR, ON BEHALF OF<br>HERSELF AND INDIVIDUALS<br>SIMILARLY SITUATED<br>    Plaintiff<br><br>VS.<br><br>REALPAGE, INC.<br>    Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>NO. 4:09CV-00439<br>HONORABLE RICHARD A. SCHELL |

## ORDER OF FINAL APPROVAL AND FINAL JUDGMENT

THIS MATTER, having come before the Court for hearing, pursuant to Orders of this Court, dated March 8, 2011, on the request of plaintiff and Class Representative Angela Minor, on behalf of herself and individuals similarly situated, and defendant RealPage, Inc., ("RealPage"), for approval of the Settlement set forth in the Class Action Settlement Agreement submitted to this Court on January 6, 2011, (the "Settlement Agreement"), and due and adequate notice having been given to the Settlement Class (as defined in the Settlement Agreement) as required in this Court's prior Order(s), and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in this matter and good cause appearing therefore, it is hereby

ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein that are not defined herein shall have the same meanings as set forth in the Settlement Agreement.

2. This Court's prior Order directed RealPage to give notice of the proposed Settlement and the final approval or fairness hearing ("Fairness Hearing") to members of the Settlement Class. The affidavit filed by RealPage before the Fairness Hearing demonstrates that the Court's directives regarding notice have been followed. The Court finds that the notice given to the Settlement Class of the Settlement and the other matters set forth in the Settlement Agreement was the best notice practicable under the circumstances, including the proposed Settlement, to all persons entitled to such notice, and said notice fully satisfied the Requirements of Fed. R. Civ. P. 23 and due process.

3. Following the Fairness Hearing and all pleadings, evidence, and argument submitted in connection therewith, and the record as a whole, the Court grants Final Approval of the Settlement Agreement.

4. The Court finds that the Settlement was negotiated at arm's length by Plaintiffs' counsel and RealPage's counsel. The Settlement is reasonable in light of the uncertainty as to whether the Class Members could prevail on their causes of action against RealPage, the risks and cost of litigation, and the value of claims foregone. The terms and conditions of Settlement are no less favorable to the Class Members than comparable arms-length terms and conditions that would have been agreed to by unrelated parties under similar circumstances.

5. The Settlement Class consists of:

All individuals to whom RealPage provided a letter substantially similar to the letter attached hereto as Exhibit "1" within a two year period preceding the filing date of the Complaint. (See Exhibit C attached to document #41)

Excluded members of the Settlement Class are: (a) all federal court judges who have presided over this case and their spouses and anyone within three degrees of consanguinity from those judges and their spouses; (b) all persons who elect to exclude themselves from the Settlement Class; (c) all persons who have previously executed and delivered to RealPage releases of all their claims; and (d) Defendant's employees, officers, directors, agents and representatives, and their family members.

6. The Class Claims are the following claims on behalf of the members of the Settlement Class: all claims alleged in the Complaint on file in this matter.

7. The Class Representative for purposes of the Settlement and the Settlement Class is Angela Minor, who was previously appointed to serve as Class Representative for settlement purposes only by earlier orders of the Court.

8. The Court finds that certification of the Settlement Class is proper under Fed. R. Civ. P. 23. The Settlement Class satisfies all of the requirements of Rule 23 in that numerosity, typicality, commonality, and adequacy are established as to the Settlement Class. In addition, the Court finds that a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

9. Furthermore, pursuant to Fed. R. Civ. P. 23 the Court hereby approves the Settlement as set forth in the Settlement Agreement, finds that said Settlement is, in all respects, fair, reasonable and adequate with respect to the Settlement Class, and directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Settlement Agreement.

10. The Court finds that the payments to the Class Members as set forth in the Settlement Agreement are fair, reasonable and adequate. Said payments shall be made by

RealPage to all Class Members with valid addresses, beginning on July 25, 2011. Class Checks shall void six (6) months after issuance. Until a check is cashed, the funds to be paid thereby remain part of the Common Fund.

11. In the event that the Notice Administrator is unable, after reasonable efforts, to distribute the entirety of The Common Fund to Class Members within eight (8) months after the Effective Date, any remaining funds shall be distributed as a *cy pres* award, to be divided ninety percent (90%) to the United Way of Dallas, and ten percent (10%) to the Dallas Bar Association Mock Trial Program (the "Cy Pres"). Such grant of funds shall be distributed at RealPage's direction in such a way as to acknowledge RealPage as the donor of such funds, and, if available, RealPage shall be eligible to receive corporate credit for any donations made by virtue of the Cy Pres.

12. The Court finds there have been no Objections, Requests for Exclusion or Opt-Outs in this Settlement. All Class Members are bound by this judgment and by the terms and conditions of the Settlement Agreement.

13. As of the Effective Date of Settlement (i.e., July 25, 2011), Named Plaintiff and each Class Member absolutely and unconditionally releases, acquits, and forever discharges RealPage from all Claims that Named Plaintiff and the Class Members ever had, now have or hereafter may have ("Released Claims"), covenants not to sue RealPage with respect to any such Released Claims, and they shall be, and hereby are, permanently barred and enjoined from instituting, commencing, or prosecuting any Released Claims in any forum against RealPage. The releases and injunctions in this Order shall have the same and no greater or lesser force and effect than the releases and injunctions provided for in the Agreement.

14.     RealPage shall pay from the Common Fund an incentive award of $500 to Angela Minor on the Effective Date of the Settlement (i.e., July 25, 2011). Said payment shall be sent to Weller, Green, Toups & Terrell, L.L.P., in trust for Angela Minor.

15.     RealPage shall also pay from the Common Fund attorney's fees and expenses to Weller, Green, Toups & Terrell, L.L.P., in Trust for All Class Counsel, the sum of $120,000. The Court finds that said fees are reasonable under Fed. R. Civ. P. 23, and the Court hereby approves and hereby awards to all Class Counsel the sum of $120,000 for attorneys' fees. The Court also awards the amount of $10,494.32 as reimbursement to Class Counsel of costs advanced in pursuit of the litigation of this matter. Said payment shall be made by RealPage from the Common Fund on the Effective Date of the Settlement (i.e., July 25, 2011).

16.     Without affecting the finality of this judgment, the Court retains continuing and exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance, termination, or enforcement of the Settlement Agreement, acceptance or rejection of any claims filed in the Class except as provided otherwise in the Settlement Agreement.

17.     Plaintiff and Class Representative Angela Minor and all Class Members shall take nothing by reason of this suit against RealPage, other than the class relief in the Settlement Agreement and the awards made in this Order, and this case is dismissed with prejudice. All costs of court shall be borne by the party that incurred them.

18.     The parties are denied all relief not expressly granted in this judgment. Document #41 is granted.     **SIGNED this the 23rd day of June, 2011.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE